UNITED STATES DISTRICT COURT
EASTERN DISTRCIT OF LOUISIANA

| | |
|---|---|
| FRANK W. BALLERO | CIVIL ACTION |
| VERSUS | NO. |
| 727 INC., TROPICAL ISLE BEVERAGES, LLC, TROPICAL ISLE'S ORIGINAL PAPA JOE'S, INC. and CRESCENT CROWN DISTRIBUTING,LLC | SECTION |
| | JUDGE |
| | MAGISTRATE |
| | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR INJUNCTIVE RELIEF AND DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Frank W. Ballero (hereinafter "Petitioner"), who respectfully represents the following:

1.

Petitioner is a person of the full age of majority and a citizen of the State of Louisiana;

2.

Made Defendants herein are (a) 727, Inc. (hereinafter "727"), which upon information and belief is a business corporation incorporated under the laws of the State of Louisiana with its registered office and principal place of business in Orleans Parish, State of Louisiana; (b) Tropical Isle Beverages, LLC (hereinafter "Tropical Isle"), which upon information and belief is a Louisiana limited liability company with its registered office and principal place of business in Orleans Parish, State of Louisiana; (c) Tropical Isle's Original Papa Joe's, Inc. (hereinafter "Papa Joe's"), which upon information and belief is a business corporation incorporated under the laws of the State of Louisiana with its registered office and principal place of business in Orleans Parish and (d) Crescent Crown Distributing, LLC (hereinafter "Crescent Crown"), which upon

information and belief is a Louisiana limited liability company with its registered office and principal place of business in East Baton Rouge Parish.

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 and §1121 because Petitioner complains under the Federal Lanham Act, 15 U.S.C. §1501, *et seq*. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Petitioner's state-law claims; under Louisiana trademark law at La. Rev. Stat. Ann. § 51:211, *et seq*.; and under the Louisiana Unfair Trade Practices Act (LUTPA), La. Rev. Stat. Ann. § 51:1405, *et seq*. which arise from the same transactions or occurrences and implicate the same questions of fact and related questions of law.

4.

Venue is proper in the Eastern District of Louisiana under 28 U.S.C. §1391. All Defendants are subject to personal jurisdiction in the Eastern District of Louisiana and are doing business therein.

5.

The parties here are all engaged in the business of the sale of alcoholic beverages at the retail-vendor, distributor, or manufacturer level. In 2009, Petitioner invented and began brewing a red ale beer known as Pirate's Blood. In connection with Petitioner's product, Petitioner created a logo and mark that he packaged his product in, which is attached hereto as *Exhibit A*. Ultimately, Pirate's Blood was sold and served to consumers at the Funky Pirate located at 727 Bourbon Street, New Orleans, Louisiana 70116 and at Tropical Isle Bourbon located at 721 Bourbon Street, New Orleans, Louisiana 70116, both establishments are owned by Defendants, 727, Papa Joe's and/or Tropical Isle.

6.

Petitioner ceased production of Pirate's Blood in March of 2011. However, upon investigation, the Funky Pirate and Tropical Isle Bourbon, both owned by 727, Tropical Isle and/or Papa Joe's continued to sell a different beer while claiming that the beer sold was Pirate's Blood. Additionally, the Funky Pirate and Tropical Isle Bourbon continued to use the same exact tap handle bearing Petitioner's Pirate's Blood logo and name. Furthermore, the above-mentioned establishments proceeded to inform customers that the beer they were serving was called Pirate's Blood and is locally brewed and sold exclusively at the Funky Pirate and Tropical Isle Bourbon. To date, these establishments continue to sell a different beer under the name Pirate's Blood, while using the Pirate's Blood logo in their place of business, despite the fact that such beer has been out of production since 2011.

7.

Defendant, Crescent Crown, sells and distributes the beer that Tropical Isle, Papa Joe's and/or 727 are passing off as Pirate's Blood. In doing so, Crescent Crown regularly visits the establishments owned by Tropical Isle, Papa Joe's and 727 to maintain and clean the equipment associated with the product it has sold, i.e. the beer tap lines. Crescent Crown had full knowledge that the beer it was distributing to Tropical Isle's, Papa Joe's and 727's establishments was not Pirate's Blood and was complicit in the deception caused by Tropical Isle, Papa Joe's and 727.

8.

Defendants' use of Petitioner's Pirate's Blood logo and name causes confusion, deception and mistake by creating the false and misleading impression that a product sold by Defendants' is in fact Petitioner's Pirate's Blood product.

9.

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Pirate's Blood to Petitioner's great and irreparable injury.

10.

Defendants have caused, and are likely to continue causing, substantial injury to the public and to Petitioner, and Petitioner is entitled to injunctive relief and to recover actual damages, Defendants' profits, enhanced profits and damages, costs, and reasonably attorney's fees under 15 U.S.C. §1114, *et seq.*

11.

By reason of the foregoing, Petitioner hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation and origin and false descriptions and representation in commerce by Defendants.

12.

Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Petitioner, and Petitioner is entitled to injunctive relief and recovery of all Defendants' infringing products and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

13.

Defendants' acts referenced hereinabove constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion, to the irreparable injury of Petitioner unless restrained by this Court. Additionally, Petitioner has no adequate remedy at law for this injury.

14.

Defendants acted with full knowledge that Petitioner created and owned the product, Pirate's Blood, as well as its marks and logo, and Petitioner's statutory and common law rights therein and without regard to the likelihood of confusion of the public created by Defendants' activities.

15.

Defendants' actions, as set forth in detail above, are unfair competition and violations of the Louisiana Unfair Trade Practices Act (LUTPA) under La. Rev. Stat Ann. §51:1405, *et seq.* Petitioner, under LUTPA, is entitled to recover damages for Defendants' actions, even in the absence of finding of fraud or willfulness. Additionally, under LUTPA, Petitioner is entitled to recover treble damages and reasonable attorney's fees for Defendants' actions.

16.

As an initial matter, Petitioner is entitled to immediate and permanent injunctive relief for the irreparable harm caused by Defendants. As a result of Defendants' acts, Petitioner has been damaged in an amount to be determined at trial.

**WHEREFORE**, Petitioner prays that:

a) Defendants and all agents, officers, employees, representatives, successors and assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, be enjoined permanently from:

   i. Using Petitioner's marks or any other copy, colorable imitation or simulation of Petitioner's marks on or in connection with any goods or

services of any entity with which Defendants are associated or affiliated;

    ii. Using any trademark, service mark, name, logo, design, color scheme, or source designation of any kind on or in connection with any goods or services of any entity with which Defendants are associated or affiliated, that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to or dilutive of Petitioner's marks;

    iii. Using any trademark, service mark, name logo, design, color scheme, or source destination of any kind on or in connection with any goods or services of any entity with which Defendants are associated or affiliated, that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Petitioner, or are sponsored or authorized by or in any way connected or related to Petitioner; and

    iv. Passing off, palming off, or assisting in passing off or palming off, any goods or services of any entity with which Defendants are associated or affiliated, as those of Petitioners, or otherwise continuing any and all acts of unfair competition as alleged in this Petition; and

b)     Defendants be ordered to deliver up to Petitioner all clothing items, bags, boxes, labels, tap handles, tags, signs, packages, receptacles, advertising, flyers, sample books, promotional material, stationary or other materials in the possession, custody, or under the control of Defendants that are found to adopt or infringe any

of Petitioner's marks or that otherwise unfairly compete with Petitioner's marks or that otherwise unfairly compete with Petitioner and his products and services;

c) Defendants be compelled to account to Petitioner for any and all profits derived by Defendants for products found to violate Petitioner's rights, and to pay damages to Petitioner for the acts forming the basis of this Petition;

d) Based on Defendants' intentional use of Petitioner's marks and intentional effort to pass off another product as Petitioner's product, Petitioner should be awarded enhanced profits, attorney's fees and treble damages.

Petitioner further prays that Defendants, 727, Inc. and Tropical Isle Beverages, Inc., Tropical Isle's Original Papa Joe's, Inc. and Crescent Crown Distributing, LLC be duly cited to appear and answer this Petition, this matter be tried before a jury, and after due proceedings are held, there be judgment herein in favor of Petitioner and against Defendants for such damages as are reasonable, together with legal interest from the date of judicial demand until paid, and for all costs of these proceedings, including attorney's fees, and any and all other general and equitable relief.

Respectfully submitted:

**BRIAN T. CARR & ASSOCIATES**

_____
**BRIAN T. CARR (# 20739)**
**LINDSEY M. SOBOUL (# 36680)**
4636 Sanford Street, Suite 100
Metairie, Louisiana 70006
Telephone:   (504) 888-5030
Facsimile:    (504) 888-5456
Email:         bcarr@btcarr-law.com
Email:         lsoboul@btcarr-law.com
*ATTORNEYS FOR PETITIONER,*
*FRANK W. BALLERO.*

UNITED STATES DISTRICT COURT
EASTER DISTRCIT OF LOUISIANA

| | |
|---|---|
| FRANK BALLERO | CIVIL ACTION |
| VERSUS | NO. |
| 727 INC., TROPICAL ISLE BEVERAGES, LLC, and CRESCENT CROWN DISTRIBUTING, LLC | SECTION |
| | JUDGE |
| | MAGISTRATE |
| | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF LOUISIANA

PARISH OF JEFFERSON

### VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared FRANK W. BALLERO, who, after being duly sworn according to law, deposed and said that he is a representative of Petitioner on whose behalf the above and foregoing Petition for Injunctive Relief and Damages is being filed, and he has read the pleadings and all of the allegations of fact contained in said pleadings are true and correct to the best of his knowledge, information, and belief.

_____
FRANK W. BALLERO

SWORN TO AND SUBSCRIBED BEFORE ME,
this 31st day of October, 2016

_____
NOTARY PUBLIC

LINDSEY M. SOBOUL
NOTARY PUBLIC
STATE OF LOUISIANA
ORLEANS PARISH
NOTARY ID # 144139
MY COMMISSION IS FOR LIFE

Page 8 of 8