**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**FRANK W. BALLERO**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 16-16098**

**727 INC., ET AL.**                                              **SECTION "B"(3)**

**ORDER AND REASONS**

Before the Court are two motions: Defendants 727, Incorporated and 721 Bourbon, Inc.'s "Motion to Dismiss" (Rec. Doc. 8) and Defendant Crescent Crown, LLC's "Motion to Dismiss" (Rec. Doc. 15). The original motion to dismiss (Rec. Doc. 8) was set for submission on February 1, 2017. Pursuant to Local Rule 7.5, Plaintiff's memorandum in opposition was due on or before January 24, 2017. Instead, on January 30, 2017, Plaintiff sought leave to file an amended complaint. Rec. Doc. 13. Because Plaintiff had a right to amend his complaint "as a matter of course" within twenty-one days after service of a motion under Rule 12(b), we granted leave to file the amended complaint on February 2, 2017. Rec. Doc. 20 (quoting FED. R. CIV. P. 15(a)(1)(B)). The amended complaint was ultimately filed into the record on February 3, 2017. Rec. Doc. 21. Additionally, Plaintiff eventually filed responses to the motions to dismiss. Rec. Docs. 16, 26. For the reasons discussed below,

**IT IS ORDERED** that the motions to dismiss (Rec. Docs. 8, 15) are **DENIED WITHOUT PREJUDICE.**

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of the sale of a red ale beer known as Pirate's Blood. Rec. Doc. 1 at ¶ 5. Frank W. Ballero ("Plaintiff") claims that he invented and began brewing the beer in 2009. *Id.* He also developed a "logo and mark" for the beer. *Id.* The beer was subsequently sold by various bars, including the Funky Pirate located at 727 Bourbon Street, New Orleans, Louisiana 70116 and owned by 727, Incorporated ("Defendant 727") and Tropical Isle Bourbon located at 721 Bourbon Street, New Orleans, Louisiana 70116 and owned by 721 Bourbon, Incorporated ("Defendant 721"). *Id.; see also* Rec. Doc. 8-1 at 1 n.1.

In March of 2011, Plaintiff stopped producing Pirate's Blood. Rec. Doc. 1 at ¶ 6. Yet, the Funky Pirate and Tropical Isle Bourbon continued to sell a beer called "Pirate's Blood," "use the same exact tap handle bearing [Plaintiff's] Pirate's Blood logo and name," and tell customers that the beer "is locally brewed and sold exclusively" at these two bars. *Id.*

According to Plaintiff, the beer "passing off as Pirate's Blood" is sold and distributed by Defendant Crescent Crown Distributing, LLC ("Crescent"). *Id.* at ¶ 7. Crescent regularly visits the Funky Pirate and Tropical Isle Bourbon "to maintain and clean the equipment associated with the product it has sold, i.e. the beer tap lines," and therefore is "complicit in the deception." *Id.*

2

Consequently, on November 4, 2016, Plaintiff filed suit requesting injunctive and monetary relief pursuant to § 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a), 1116 1117, and the Louisiana Unfair Trade Practices Act ("LUTPA"), Louisiana Revised Statute § 51:1401-1428.[1] On January 9, 2017, Defendants 727 and 721 filed their motion to dismiss (Rec. Doc. 8) and, on January 31, 2017, Defendant Crescent filed its motion to dismiss (Rec. Doc. 15).[2]

## II. THE PARTIES' CONTENTIONS

In the memorandum in support of their motion to dismiss, Defendants 727 and 721 argue that Plaintiff failed to state a claim upon which relief could be granted because Plaintiff "abandoned use of his alleged 'Pirate's Blood" mark five (5) years and eight (8) months ago and, thus does not own a protectable trademark." Rec. Doc. 8-1 at 1. Defendant Crescent "adopt[ed] and incorporate[d] by reference [the] memorandum filed by" Defendants 727 and 721; Crescent essentially reiterated the argument that

---

[1] Named as Defendants were 727, Crescent, Tropical Isle Beverages, LLC, and Tropical Isle's Original Papa Joe's, Inc. Rec. Doc. 1 at ¶ 2. In its motion to dismiss, Defendants 727 and 721 explain that they are the owners of the bars at issue and that Tropical Isle Beverages, LLC and Tropical Isle's Original Papa Joe's, Inc. "have no relationship to the factual allegations in the Complaint." Rec. Doc. 8-1 at 1 n.1. Accordingly, those parties were terminated from the suit.

[2] Since the filing of Plaintiff's amended complaint, Defendants 721 and 727 have filed another motion to dismiss, set for submission on March 15, 2017. Rec. Doc. 24. Similarly, Defendant Crescent filed a motion for an extension of time within which to respond to the amended complaint. Rec. Doc. 23. Defendants did not move to withdraw the instant motions to dismiss (Rec. Docs. 8, 15), however, so they will be disposed of herein.

3

Plaintiff abandoned his use of the mark and therefore cannot assert a claim upon which relief could be granted. Rec. Doc. 15-2 at 1.

### III. LAW AND ANALYSIS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party can move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Such motions are viewed with disfavor and rarely granted. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, when reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

According to Defendants, to file a claim for federal and common law trademark infringement, false designation of origin, federal unfair competition, and unfair competition under the

LUTPA, Plaintiff must have a valid protectable trademark. Rec. Doc. 8-1 at 3 (citing *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) ("To recover on a claim of trademark infringement, a plaintiff must first show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion. To be protectable, a mark must be distinctive, either inherently or by achieving secondary meaning in the mind of the public") (internal citations omitted); *Action Ink, Inc. v. Anheuser-Busch, Inc.*, 959 F. Supp. 2d 934, 948 (E.D. La. 2013), *aff'd sub nom. Action Ink, Inc. v. N.Y. Jets, L.L.C.*, 576 F. App'x 321 (5th Cir. 2014)("A showing of likelihood of confusion presupposes the existence of a valid mark") (citing *La. World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1039-40 (5th Cir. 1984))).

> Yet, "[o]wnership of trademarks is established by use, not by registration." *Union Nat'l Bank of Tex., Laredo, Tex.* [*v. Union Nat'l Bank of Tex., Austin, Tex.*], 909 F.2d [839,] 842 [(5th Cir. 1990)]; *see also* 15 U.S.C. § 1127 (defining a trademark as a "word, name, symbol, or device . . . *used* by a person, or which a person has a bona fide intention to *use in commerce*," and in turn defining "use in commerce" as "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark" (emphasis added)). And under the Lanham Act, even if a registrant has owned the mark at one time—indeed, even if the trademark registration has become inconstestable—an opposing party may successfully defend against an infringement claim by showing that the registrant has abandoned the mark. *See* 15 U.S.C. § 1115(b)(2). A mark is deemed abandoned if "its use has been discontinued with an intent not to resume such use." 15 U.S.C. § 1127.

*Action Ink*, 959 F. Supp. 2d at 942. Similarly an action for false designation of origin under the Lanham Act or for unfair competition under either the Lanham Act or the LUTPA may be defended against by demonstrating that the plaintiff abandoned his or her use of the mark. *Id.* at 948 (citing *Riggs Mktg. Inc. v. Mitchell*, 993 F. Supp. 1301, 1305 (D. Nev. 1997)).

In his original complaint, Plaintiff admits that he "ceased production of Pirate's Blood in March of 2011." Rec. Doc. 1 at ¶ 6. Thus, it appears from the face of the original complaint that Plaintiff's use of the mark was "discontinued with an intent not to resume such use." However, in his amended complaint, Plaintiff states that he "met with various persons and companies in 2012, 2013, 2014, and 2015 regarding the production and sale of Pirate's Blood. [Plaintiff] fully intended/intends to continue brewing and selling Pirate's Blood under its trademarked name and logo." Rec. Doc. 21 at ¶ 6(A). The 2009 Advisory Committee Notes to Federal Rule of Civil Procedure 15 recognize that "[a] responsive amendment may avoid the need to decide the motion." Here, Plaintiff's amended complaint appears to allege that he intended to continue to use and/or resume using his mark and therefore alleges that he did not abandon the mark. Arguments to the contrary will be considered in conjunction with the pending motion to dismiss filed by Defendants 721 and 727 on February 16, 2017 and set for submission on March 15, 2017. Rec. Doc. 24. Accordingly,

6

**IT IS ORDERED** that Defendants' motions to dismiss (Rec. Docs. 8, 15) are **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 21st day of February, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE