**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FRANK W. BALLERO**                    **CIVIL ACTION**

**VERSUS**                              **NO. 16-16098**

**727 INC., ET AL.**                    **SECTION "B"(3)**

## ORDER AND REASONS

Defendants 727, Inc. and 721 Bourbon, Inc. prevailed in a trademark infringement action and seek an award of attorney's fees. Rec. Doc. 69. Plaintiff timely filed an opposition. Rec. Doc. 70. Defendants sought, and were granted, leave to file a reply. Rec. Doc. 74.

For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 69) is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Frank Ballero sued Defendants 727, Inc., 721 Bourbon, Inc., and Crescent Crown Distributing, LLC for trademark infringement under the Lanham Act in November 2016. *See* Rec. Doc. 1. As discussed in more detail in previous Orders and Reasons, Plaintiff brewed and sold a beer called Pirate's Blood until March 2011, when he ceased production. *See* Rec. Docs. 41 at 1-2; 65 at 1-2. After Plaintiff stopped making Pirate's Blood, Defendants continued to use the Pirate's Blood mark in their bars to sell beer. *See* Rec. Docs. 41 at 2; 65 at 2. Defendants referred to a beer as "Pirate's Blood," used a "Pirate's Blood" tap to dispense

the beer, and told customers that the beer was brewed locally. *See* Rec. Docs. 41 at 2; 65 at 2.

Defendants moved to dismiss Plaintiff's case for failure to state a claim on the basis that Plaintiff had abandoned his trademark. *See* Rec. Docs. 24; 30. The motions to dismiss were denied because Plaintiff alleged in his amended complaint that he had met with breweries from 2012 to 2015 to resume brewing Pirate's Blood. *See* Rec. Doc. 41 at 13-15. That being said, the Court did note that Plaintiff's "vague allegation [about meetings with breweries] . . . m[ight] not survive a subsequent motion for summary judgment." *Id.* at 14.

After conducting discovery, Defendants moved for summary judgment, again arguing that Plaintiff had abandoned his trademark. *See* Rec. Docs. 54; 55. Defendants' motions for summary judgment were granted because, though there was evidence of Plaintiff's efforts to resume brewing Pirate's Blood and otherwise defend his trademark, Plaintiff's use of the Pirate's Blood mark was insufficiently sustained and commercial to rebut a presumption of abandonment. *See* Rec. Doc. 65 at 11-17. Defendants 727, Inc. and 721 Bourbon, Inc. then moved for an award of the attorney's fees they incurred between March 2017, when the motions to dismiss were denied, and September 2017, when the motions for summary judgment were granted. *See* Rec. Doc. 69.

**LAW AND ANALYSIS**

The Lanham Act allows an award of "reasonable attorney fees to the prevailing party" "in exceptional cases." 15 U.S.C. § 1117(a). "[A]n exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an unreasonable manner." *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)). Defendants argue, without citing a single case, that Plaintiff's case was exceptional because of its substantive weakness. *See* Rec. Doc. 69-1 at 7-10. Specifically, Defendants argue that Plaintiff should have known that his case could not survive summary judgment after the Court questioned the viability of Plaintiff's argument against abandonment. *See* Rec. Doc. 69-1 at 7-8 (quoting Rec. Doc. 41 at 14).

The question of whether a case is exceptional is entrusted to a district court's "case-by-case exercise of [its] discretion, considering the totality of the circumstances." *Baker*, 821 F.3d at 625 (citing *Octane Fitness*, 134 S. Ct. at 1756). Factors that may inform this analysis include "frivolousness, motivation, objective unreasonableness . . . [,] and the need in particular circumstances to advance considerations of compensation and

deterrence." *Octane Fitness*, 134 S. Ct. at 1756 n.6. The Supreme Court further explained that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757. However, the Supreme Court cautioned that it will be "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1756-57.

In applying this standard, district courts have found cases exceptional when there is a constellation of red flags that sets the case apart. *See Laerdal Med. Corp. v. Basic Med. Supply, LLC*, No. H-16-35, 2016 WL 6436557, at *4 (S.D. Tex. Oct. 31, 2016) (holding that case was exceptional because Defendants defaulted and continued to infringe on Plaintiff's trademarks); *Farouk Sys., Inc. v. AG Glob. Prods., LLC*, No. H-15-0465, 2016 WL 6037231, at *4 (S.D. Tex. Oct. 14, 2016) (holding that case was exceptional because Plaintiff's trade dress claim had substantive weaknesses and Plaintiff initiated lawsuit to harass defendant); *see also Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 45-47 (S.D.N.Y. 2015) (explaining that a case may be exceptional when "the losing party's litigation positions . . . were so devoid of legal merit that one could only conclude that they were advanced with an improper motive").

The substantive weakness of Plaintiff's case was not remarkable; Plaintiff was able to develop some facts to support his argument that he did not abandon the Pirate's Blood trademark. *See* Rec. Doc. 56 at 2-4, 6-10. During his deposition, Plaintiff testified that he attempted to meet with five breweries about restarting Pirate's Blood. *See* Rec. Doc. 54-3 at 47-48, 51-58, 67-69, 72. Documents produced by one of the breweries is consistent with Plaintiff's testimony. *See* Rec. Doc. 56-1 at 59-68. Plaintiff also sought to register the Pirate's Blood trademark and homebrewed Pirate's Blood for a beer festival. *See* Rec. Doc. 56 at 3-4. This evidence was insufficient to create a genuine issue of material fact with respect to Plaintiff's abandonment of the Pirate's Blood trademark. *See* Rec. Doc. 65 at 14-17. But the evidence is sufficient to defeat Defendants' motion for an award of attorney's fees, especially given Plaintiff's otherwise proper engagement with the proceedings. *Cf. GeoDynamics, Inc. v. DynaEnergetics US, Inc.*, No. 15-CV-01546-RSP, 2017 WL 6559170, at *4-5 (E.D. Tex. Dec. 21, 2017) (holding that a case was exceptional for substantive weakness because there was "overwhelming evidence that the mark was generic," plaintiff's briefing did not seriously engage with the law, plaintiff offered "no evidence" that it continued to use the trademark in question, and the court believed plaintiff to have no damages).

Defendants further attempt to support their argument by faulting Plaintiff's settlement position, *see* Rec. Doc. 69-1 at 9, but this contention is similarly unavailing. Plaintiff rejected Defendants' April 2017 offer of judgment because he wanted to first review Defendants' sales data, which was not produced until August 2017—just days before Defendants filed their motion for summary judgment and a month after Plaintiff's deposition. *See* Rec. Doc. 70-1. Moreover, it does not appear that either party attempted to reinitiate settlement discussions until September 2017, when Plaintiff reached out to Defendants. *See id.* Regardless, Defendant's hesitation to engage in settlement discussions before Defendants produced the sales data that would underpin any damages figure is not unreasonable, nor does it rise to the level of obstinance that would warrant an award of attorney's fees. *See Off-White LLC v. Paige, LLC*, No. 17-cv-2904, 2017 WL 3492006, at *1-2 (S.D.N.Y. Aug. 14, 2017) (indicating that a plaintiff may, without becoming liable for a defendant's attorney's fees, continue litigation after receiving settlement offers when there is uncertainty about the scope of a potential settlement).

New Orleans, Louisiana, this 6th day of February, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE